UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| CARLENE WILLIAMS, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:03CV2200 (PCD) |
| | : | |
| QUEBECOR WORLD INFINITI | : | |
| GRAPHICS, INC. and QUEBECOR | : | |
| WORLD (USA) INC., | : | |
| Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR RECONSIDERATION**

On October 16, 2006, Judge Squatrito issued a ruling [Doc. No. 63] denying Defendants' motion for summary judgment, concluding, among other things, that genuine issues of material fact exist as to whether Defendant Quebecor World (USA) Inc. ("Quebecor World"), a parent company of Plaintiff Carlene Williams's former employer Quebecor World Infiniti Graphics, Inc. ("Infiniti"), may also be considered Plaintiff's former employer for the purposes of liability under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621 et seq., and the Connecticut Fair Employment Practices Act ("CFEPA"), CONN. GEN. STAT. § 46a-60(a) et seq. On December 18, 2006, four days before filing its trial preparation memo, Defendant Quebecor World filed a motion to dismiss [Doc. No. 66] pursuant to Fed. R. Civ. P. 12(h)(3) on the ground that the Court lacks subject matter jurisdiction over Plaintiff's claims against Quebecor World. Quebecor World maintains that because Plaintiff had failed to name Quebecor World in the complaint she filed with the Connecticut Commission on Human Rights and Opportunities ("CHRO") prior to commencing this action, Plaintiff failed to exhaust her administrative remedies and is precluded from naming Quebecor World in this suit. On January 29, 2007, Judge Squatrito denied Quebecor World's motion to dismiss without prejudice to renewal post-

verdict [Doc. No. 83]. This case was then transferred to this Court, which has scheduled jury selection for April 5, 2007. Defendant Quebecor World now moves this Court to reconsider its motion to dismiss [Doc. No. 87]. For the reasons that follow, Quebecor World's motion for reconsideration is **granted**, and the Court's prior ruling is **affirmed.**

Reconsideration will generally only be granted when a party can point to "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted) (cautioning that "where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again"). Reconsideration should therefore be granted when a "party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). This Court will not grant a motion to reconsider "where the moving party seeks solely to relitigate an issue already decided," to "plug gaps in an original argument or to argue in the alternative once a decision has been made." Id., Horsehead Res. Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (citations omitted). Ultimately, however, the question is a discretionary one, and the court is not limited in its ability to reconsider its own decisions prior to final judgment. See Virgin Atl., 956 F.2d at 1255.

Motions for reconsideration must be filed within ten days from the date of the ruling to which the motion is directed. See D. Conn. L. Civ. R. 7(c)(1); Browdy v. Lantz, No. 3:03CV1981 (DFM), 2006 WL 3265703, at *1 (D. Conn. July 31, 2006); Chambers v. Principi, No. 3:00CV656 (SRU), 2004 WL 722249, at *1 (D. Conn. March 24, 2004). Thus, because the

Court denied Defendant's motion to dismiss on January 29, 2007, Defendant Quebecor World had until February 12, 2007 to file its motion for reconsideration. Defendant waited until February 15, 2007, however, to move for reconsideration, without offering any justification for its untimeliness. On this basis alone Defendant's motion may be denied. However, the Court has discretion to consider Defendant's motion, despite its untimely filing, and declines to deny Defendant's motion in such summary fashion. See Kamasinski v. Judicial Review Council, 843 F. Supp. 811, 812 (D. Conn. 1994).

Upon reconsideration of Defendant's motion to dismiss for lack of subject matter jurisdiction, the Court affirms Judge Squatrito's prior order. Defendant Quebecor World posits that, because Plaintiff did not name it in her complaint before the CHRO, she has not exhausted her administrative remedies against it and cannot bring a federal claim against it. A prerequisite to commencing a Title VII action against a defendant is the filing with the EEOC or authorized state agency of a complaint naming the defendant. 42 U.S.C. § 2000e-5(e).[1] Courts have taken a "flexible stance in interpreting Title VII's procedural procedures so as not to frustrate Title VII's remedial goals," Johnson v. Palma, 931 F.2d 203, 209 (2d Cir. 1991) (internal quotation omitted), and recognized an exception to the general rule that a defendant must be named in the administrative agency complaint. "This exception, termed the 'identity of interest' exception, permits a Title VII action to proceed against an unnamed party where there is a clear identity of interest between the unnamed defendant and the party named in the administrative charge." Id.

---

[1] Plaintiff's ADEA and CFPA claims are subject to the same analysis as Title VII claims. Lowe v. Commack Union Free Sch. Dist., 86 F.2d 1363, 1369 (2d Cir. 1989), cert. denied, 494 U.S. 1026 (1990) (Title VII principles are applicable to ADEA cases because substantive prohibitions of the ADEA were derived in haec verba from Title VII); McInnis v. Town of Weston, 375 F. Supp. 2d 70, 75 (D. Conn. 2005) (stating CFEPA claims proceed under the same analysis as ADEA claims).

The Second Circuit has adopted a four-part test to determine whether an "identity of interest" exists, thereby excusing a Title VII plaintiff's failure to name a defendant in the administrative agency complaint. The four factors are:

> 1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the [administrative] complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the [administrative] proceedings; 3) whether its absence from the [administrative] proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

Vital v. Interfaith Med. Ctr., 168 F.3d 615, 619 (2d Cir. 1999) (quoting Johnson, 931 F.2d at 209-210). See also Eggleston v. Chicago Journeymen Plumbers' Local Union No. 130, 657 F.2d 890, 905 (7th Cir.1981), cert. denied, 455 U.S. 1017 (1982) ("[W]here an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance, the charge is sufficient to confer jurisdiction over that party."); Goyette v. DCA Advertising Inc., 830 F. Supp. 737, 747-48 (S.D.N.Y. 1993) (holding an identity of interest existed between a parent company not named in the administrative complaint and its subsidiary). This exception may apply even where, as here, Plaintiff was represented by counsel in the administrative proceedings. See Wood v. Pittsford Cent. Sch. Dist., No. 03-CV-6541T, 2005 WL 43773, at *4 (W.D.N.Y. Jan. 10, 2005) (noting that the Second Circuit has declined to explicitly limit the identity of interest analysis to situations in which the plaintiff appeared pro se in the administrative proceedings); Olvera-Morales v. Sterling Onions, Inc., 322 F. Supp. 2d 211 (N.D.N.Y. 2004); Manzi v. DiCarlo, 62 F. Supp. 2d 780 (E.D.N.Y. 1999).

In her opposition to Defendants' motion for reconsideration, Plaintiff mistakenly applies the "single employer" standard to the issue of whether she exhausted her administrative remedies against Quebecor World. To determine whether a parent company may be liable for a subsidiary's violations of the ADEA, courts consider whether the parent and the subsidiary may be considered a "single employer" for purposes of liability. See Cook v. Arrowsmith Shelburne, Inc., 69 F.3d 1235, 1240-41 (2d Cir. 1995). Courts employ the Johnson "identity of interest" analysis, on the other hand, in order to determine if administrative remedies have been exhausted against a defendant who was not named in the administrative proceedings, and so Plaintiff's arguments regarding the "simple employer" factors are somewhat misguided. However, although the tests are different, the Court's evaluation of the "single employer" issue may logically affect its resolution of the "identity of interest" issue. See Knowlton v. Teltrust Phones, Inc., 189 F.3d 1177, 1185 (10th Cir. 1999). In this case, Judge Squatrito concluded that a genuine issue of material fact exists as to whether Quebecor World and Infiniti share a centralized control of labor relations and common management, thereby precluding the Court's finding as a matter of law that Defendants may be considered a "single employer" for purposes of liability under the ADEA. (Ruling on Mot. for Summ. J. at 31-33.) Because the "single employer" question is left for the jury, Plaintiff's argument that certain filing requirements were met on the basis that Defendants constitute a single employer is unavailing. More importantly, having left the "single employer" question to the jury, the Court appropriately concluded that, at this stage in the litigation, it is most appropriate to deny without prejudice Quebecor World's motion to dismiss, allow the jury to consider whether Quebecor World is liable for Infiniti's alleged actions, and reserve Quebecor World the right to move the Court to revisit the identity of interest issue after

the jury renders a verdict if need be. The parties have not persuaded the Court it would be more appropriate to proceed otherwise.

Accordingly, Defendants' motion for reconsideration [Doc. No. 87] is **granted**, and the Court's prior order denying without prejudice to post-verdict renewal Defendants' motion to dismiss [Doc. No. 83] is **affirmed.**

SO ORDERED.

Dated at New Haven, Connecticut, this  22nd  day of March, 2007.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court